**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| |
|---|
| CHEVRON CORPORATION and TEXACO PETROLEUM COMPANY, <br><br> *Petitioners*, <br><br> v. <br><br> THE REPUBLIC OF ECUADOR, <br><br> *Respondent*. |

Civil Action No.  26-2513

**DECLARATION OF WADE CORIELL**
**IN SUPPORT OF PETITION TO RECOGNIZE ARBITRATION AWARD**

Pursuant to 28 U.S.C. § 1746, I, Wade Coriell, declare as follows:

1. I am a partner at King & Spalding LLP and am admitted to practice law in the states of New York and Texas.  I represent Petitioners Chevron Corporation ("Chevron") and Texaco Petroleum Company ("TexPet") in the arbitration proceeding between Petitioners Chevron and TexPet and Respondent Republic of Ecuador in the Permanent Court of Arbitration, Case No. 2009-23 (the "Arbitration").

2. I am over the age of eighteen and make this declaration from personal knowledge based on information reviewed and/or referenced herein.

3. This declaration is submitted in support of the Petition to Recognize Arbitration Award filed by Petitioners.

4. Attached hereto as Exhibit 1 is a true and correct certified copy of the public version of the Fourth Partial Award on Track III dated November 17, 2025 (the "Track III Award") rendered in the Arbitration and issued by a duly constituted arbitral tribunal (the "Tribunal").  Upon agreement of all parties to the Arbitration, the public version of the Track III Award contains

minimal redactions of certain identifying and other information relating to individuals who are not parties to this proceeding or the Arbitration.  Those minimal redactions appear in paragraphs 792, 823, 825, 826, 827, 851, 2393, and 2530.

5.       Attached hereto as Exhibit 2 is a true and correct certified copy of the Tribunal's Decision on the Respondent's Request for Correction and Interpretation of the Fourth Partial Award on Track III Under Articles 35 and 36 of the UNCITRAL Arbitration Rules, dated February 5, 2026 (the "Correction Decision").  Under Dutch law, which is the law of the seat of the Arbitration, "*[i]n the event that the arbitral tribunal makes the rectification or correction, it shall [...] set it out in a separately signed document, which shall be treated as forming part of the award.*"  Art. 1060(5) Dutch Code of Civil Procedure (1986).

6.       Accordingly, in the Correction Decision, the Tribunal stated that, "[o]ther than these limited corrections [provided in the Correction Decision], the Track III Award remains as issued."  Ex. 2 ¶ 45.  "For the avoidance of doubt, the Track III Award, as corrected by this Decision, is now final and binding on the Parties under Articles 32(2) and 36 of the UNCITRAL Arbitration Rules."  *Id.* ¶ 46.

7.       The Track III Award awarded pre-award interest to accrue at the 1-year United States Treasury bill rate, from the "date of payment of each invoice corresponding to legal fees and expenses awarded by the Tribunal as damages until the date of this Award, compounded annually."  Ex. 1 ¶ 2938(x).  The Track III Award also provided that pre-award interest was to be calculated based on the Respondent's Damages Model.  Ex. 1 ¶ 2688.  The Track III Award, as corrected, stated that, under the most recent version of the Respondent's Damages Model filed with the Tribunal (dated October 15, 2025), pre-award interest amounted to $39,353,091.98 as of September 30, 2025.  Ex. 1 ¶ 2688; Ex. 2 ¶ 44(i).

8.      To calculate the additional pre-award interest accruing through November 17, 2025 (the date of the Track III Award), using the corrected damages figure of $175,720,152.45, a team working under my direction used the Respondent's Damages Model with actual 1-year United States Treasury bill rates to calculate the additional pre-award interest for the period between September 30, 2025 and November 17, 2025.  For that period, the additional pre-award interest was $1,117,215.94.  Together with the pre-award interest identified in the Track III Award (as corrected), the total pre-award interest through November 17, 2025 equals $40,470,307.82.

9.      The Arbitration was initiated pursuant to the Treaty between the United States of America and the Republic of Ecuador Concerning the Encouragement and Reciprocal Protection of Investment dated August 27, 1993, (the "Bilateral Investment Treaty" or "BIT").

10.      Attached hereto as Exhibit 3 is a true and correct copy of the Bilateral Investment Treaty.

11.      Attached hereto as Exhibit 4 is a true and correct copy of Claimants' Notice of Arbitration dated September 23, 2009.

12.      The Arbitration is governed by the 1976 Arbitration Rules of the United Nations Commission on International Trade Law (the "UNCITRAL Rules").

13.      The seat of the Arbitration is The Hague, the Netherlands, as agreed to by the parties and as confirmed by the Tribunal's Agreed Procedural Order No. 1.

14.      Attached hereto as Exhibit 5 is a true and correct copy of the Tribunal's Third Interim Award on Jurisdiction and Admissibility issued by the Tribunal on February 27, 2012 (the "Jurisdictional Award").

15.      Attached hereto as Exhibit 6 is a true and correct copy of the First Partial Award on Track I issued by the Tribunal on September 17, 2013 (the "Track I Award").

16.     Attached hereto as Exhibit 7 is a true and correct copy of the Second Partial Award on Track II issued by the Tribunal on August 30, 2018 (the "Track II Award").

17.     Ecuador's efforts in the courts of the Netherlands (the country of the seat of the Arbitration) to set aside the Jurisdictional Award, the other interim awards, and the Track I Award failed.

18.     Attached hereto as Exhibit 8 is a true and correct copy of the judgment of the District Court of The Hague, dated January 20, 2016, in *Chevron Corporation and Texaco Petroleum Company v. The Republic of Ecuador*, PCA Case No. 2009-23, and a sworn English translation of the same that was provided to the Tribunal in the Arbitration.

19.     Attached hereto as Exhibit 9 is a true and correct copy of the judgment of The Hague Court of Appeal, dated July 18, 2017, in *Chevron Corporation and Texaco Petroleum Company v. The Republic of Ecuador*, PCA Case No. 2009-23, and a sworn English translation of the same that was provided to the Tribunal in the Arbitration.

20.     Attached hereto as Exhibit 10 is a true and correct copy of the judgment of the Supreme Court of the Netherlands, dated April 12, 2019, in *Chevron Corporation and Texaco Petroleum Company v. The Republic of Ecuador*, PCA Case No. 2009-23, and a certified English translation of the same that was provided to the Tribunal in the Arbitration.

21.     Ecuador's efforts in the courts of the Netherlands to set aside the Track II Award also failed.

22.     Attached hereto as Exhibit 11 is a true and correct copy of the judgment of the District Court of The Hague, dated September 16, 2020, in *Chevron Corporation and Texaco Petroleum Company v. The Republic of Ecuador*, PCA Case No. 2009-23, and a sworn English translation of the same that was provided to the Tribunal in the Arbitration.

23.    Attached hereto as Exhibit 12 is a true and correct copy of the judgment of The Hague Court of Appeal, dated June 28, 2022, in *Chevron Corporation and Texaco Petroleum Company v. The Republic of Ecuador*, PCA Case No. 2009-23, and a sworn English translation of the same.

24.    Attached hereto as Exhibit 13 is a true and correct copy of the judgment of the Supreme Court of the Netherlands, dated November 17, 2023, in *Chevron Corporation and Texaco Petroleum Company v. The Republic of Ecuador*, PCA Case No. 2009-23, and an English translation of the same.

25.    Attached hereto as Exhibit 14 is a true and correct copy of the Note of Partial Dissent of Dr. Horacio A. Grigera Naón to the Track III Award, dated November 17, 2025.

26.    Attached hereto as Exhibit 15 is a true and correct copy of the Note of Dissent of Dr. Horacio A. Grigera Naón to the Correction Decision, dated February 5, 2026.

27.    I understand that on March 13, 2026, Ecuador served a writ of summons on the Public Prosecutor's office in The Hague for service to Petitioners through the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of 15 November 1965 (the "Hague Service Convention 1965"), requesting the District Court of The Hague to set aside the Track III Award.  On April 13, 2026, Ecuador served a rectification writ on the Public Prosecutor's office in The Hague for service to Petitioners through The Hague Service Convention 1965, clarifying one of the formal procedural notices in the opening sections of the March 13, 2026 writ of summons.  All other contents of the March 13, 2026 writ of summons, including the claims advanced by Ecuador for setting aside the Track III Award, remained unchanged.

28.    Attached hereto as Exhibit 16 is a true and correct copy of Ecuador's application to set aside the Track III Award, dated March 13, 2026, and an English translation of the same.

29.    Attached hereto as Exhibit 17 is a true and correct copy of Ecuador's rectification writ regarding its March 13, 2026 writ of summons, dated April 13, 2026, and an English translation of the same.

30.    I understand that Petitioners intend to oppose the set-aside application by the deadline to be set by the District Court of The Hague.

31.    I understand that the pending set-aside application is not likely to be resolved until the second half of 2027 at the earliest, and that the District Court of the Hague's consideration of the application could easily extend into 2028.

32.    I understand that the appeal of any decision of the District Court of The Hague could take an additional three to four years to be resolved.

33.    The Track III Award has not been set aside by any court of competent jurisdiction.

34.    As of July 17, 2026, total accrued post-award interest amounts to $8,189,590.79 (a rate of over $33,700 per day).

35.    As of the date of this declaration, Respondent has not paid Petitioners any portion of the Track III Award.  As a result, as of the date of this declaration, the outstanding amount of the Track III Award (as corrected by the Correction Decision) owed to Petitioners is $224,380,051.06, which includes post-award interest accrued through July 17, 2026.

36.    Based on my personal knowledge, I certify that the documents attached to this declaration are genuine.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 17, 2026
Houston, Texas

_____
Wade Coriell